IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOE JONES, JR.                                                                                    PLAINTIFF

vs.                                         Civil No. 4:11-cv-04094

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Joe Jones, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff filed applications for DIB and SSI on December 3, 2008.  (Tr. 103-109).  In these applications, Plaintiff alleged he was disabled due to diabetes, high blood pressure, a broken hip injury, swelling feet, and back problems.  (Tr. 138).  Specifically, Plaintiff claims the following regarding his impairments: "I am in such bad shape because of my diabetes, I have leg and feet swell

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

if on them more than 30 min I have not been to a doctor in about 6 years for my diabetes." *Id.* Plaintiff originally alleged an onset date of January 31, 2007, but Plaintiff later amended that onset date to June 1, 2007.  (Tr. 13, 138).  These applications were denied initially and again upon reconsideration.  (Tr. 52-55).

Thereafter, Plaintiff requested an administrative hearing on these applications, and this hearing request was granted.  (Tr. 67-68, 73-102).  An administrative hearing was held on May 18, 2010 in Little Rock, Arkansas.  (Tr. 27-51).  Plaintiff was present and was represented by Greg Giles at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Blatt Turner testified at this hearing.  *Id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI), and had received his high school diploma.  (Tr. 30).

On October 5, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications.  (Tr. 13-22).  In this decision, the ALJ determined Plaintiff met the disability insured status requirements of the Act on June 1, 2007 and thereafter through September 30, 2010.  (Tr. 20, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date.  (Tr. 20, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: post-status fracture left hip, diabetes mellitus, and hypertension.[2]  (Tr. 20, Finding 3).  The ALJ also determined none of Plaintiff's impairments met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 20, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

---

[2] In making this finding, the ALJ also specifically found Plaintiff's glaucoma, kidney disease, and colon cancer were non-severe impairments.  (Tr. 20, Finding 3).

2

(Tr. 21, Finding 6). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. (Tr. 21, Finding 4). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> The claimant has the residual functional capacity for at least the medium work activity which involves lifting no more than fifty pounds at a time with frequent lifting or carrying objects weighing up to 25 pounds. The claimant is capable of standing and/or walking a total of 6 hours per 8-hour workday, and sitting a total of about 6 hours per 8-hour workday. If someone can do medium work, we determine that he can also do sedentary or light work activity (20 CFR 404.1567(c)). He is further limited to perform work where interpersonal contact is incidental to work performed; complexity of tasks is simple, direct, and concrete. This is consistent with the definition of unskilled work.

(Tr. 21, Finding 6).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 10). The ALJ found Plaintiff's PRW included work as a packaging worker (unskilled, medium). *Id.* The ALJ also found that, considering his impairments, Plaintiff was not precluded from performing his PRW. (Tr. 21, Finding 11). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time through the date of his decision. (Tr. 21, Finding 12).

Thereafter, on November 4, 2010, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 7-8). On September 2, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On December 11, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 20, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ erred by finding his impairments did not meet the requirements of Listing 9.08; (2) the ALJ erred by failing to evaluate the severity of his chronic pain, swelling, numbness, and tingling associated with diabetic neuropathy; (3) the ALJ erred by failing to consider his lack of funds; and (4) the ALJ erred by failing to fully and fairly develop his vocational profile and question the VE. ECF No. 8 at 1-19. With his first argument, Plaintiff also alleges the ALJ improperly determined his kidney impairment was non-severe. *Id.*  Because this Court finds the ALJ erred by determining his kidney impairment was non-severe, this Court will only address Plaintiff's first argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that

impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff alleges his kidneys are failing. (Tr. 37). The ALJ recognized this allegation but found there was no medical support for his claim:

> The claimant has alleged that his kidneys are failing. *There is no record of any physician diagnosing a severe impairment based on his kidneys.* Since an impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a statement of symptoms, I find no evidence of significant kidney impairment.

(Tr. 17) (emphasis added).

Contrary to the ALJ's finding, there are medical records supporting his claim that his kidneys are failing. Indeed, Plaintiff referenced two sets of medical records in his briefing that demonstrate this impairment is severe. One of those records is dated December 18, 2010, which is after the ALJ's decision date of October 5, 2010. (Tr. 459). Because this record is dated *after* the ALJ's

6

disability determination and relates to the time-period after the ALJ's disability determination, this Court will not consider that record further.[3]

The other records are from Dr. James C. Arrington, M.D. and relate to the time-period before the ALJ's decision date. On February 17, 2011, Dr. Arrington reported that Plaintiff's kidneys had been severely impaired for some time:

> Mr. Joe Jones has been a patient of the Lewisville Family Practice Center since February 2010. He has a history of Type I diabetes mellitus, hypertension and anemia. His diabetes remains uncontrolled, which will ultimately lead to kidney failure. *His recent lab work shows his kidneys to be failing at this time.* If the patient does not obtain some type of insurance, his health will rapidly decline without treatment and possibly die.

(Tr. 476) (emphasis added). Although this report is dated after the ALJ's disability determination in this case, it relates to the time-period before the ALJ's disability determination.

Further, Dr. Arrington's treatment records dated *before* this decision also establish this problem. For example, on March 15, 2010, Dr. Arrington reported Plaintiff suffers from "renal insufficiency" requiring treatment. (Tr. 373). Such a finding was clearly ignored by the ALJ in determining Plaintiff's alleged kidney failure was not mentioned in his medical records. Indeed, such a treatment note at the very least should have placed the ALJ on notice of the need to further develop the record on this issue. *See Snead v. Barnhart,* 360 F.3d 834, 929 (8th Cir. 2004) (recognizing the duty of the ALJ to fully and fairly develop the record in a social security case). Accordingly, because the ALJ improperly determined Plaintiff's kidney impairment was not supported by his medical records and was non-severe, this case must be reversed and remanded. *See*

---

[3] It is worth noting, however, that this record demonstrates Plaintiff's kidney disorder is a severe impairment. Indeed, this medical record dated December 18, 2010 is from Christus St. Michael's Health System and states that Plaintiff was "in renal failure," there "was a risk of dying," and Plaintiff "would probably need dialysis eventually if he did not get this care addressed." (Tr. 459).

*Nicola,* 480 F.3d at 887.

**4.   Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th  day of August 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE